IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA CARMEN De LEON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.  EP-13-CV-97-ATB |
| | § | (by consent) |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration,[1] | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

### I.   PROCEDURAL HISTORY

On February 24, 2010, Plaintiff filed an application for DIB, alleging a disability onset date of September 19, 2008.[2]  (R. 129).  Her application was denied initially and denied upon

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

[2] At the hearing, Plaintiff's onset date was amended from September 19, 2008, to July 1, 2010.  (R. 14, 32).

reconsideration. (R. 61, 67). Plaintiff filed a request for a hearing, which was held on December 9, 2011. (R. 28-54, 71). The Administrative Law Judge ("ALJ") issued a decision on March 27, 2012, denying benefits. (R. 14-22). Subsequently, the Appeals Council denied review. (R. 1-3).

## II.   ISSUE

Plaintiff presents the following issue for review:

> 1. Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence. (Pl.'s Br. 2, ECF No. 21).

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the RFC determination does not include all of the physical limitations associated with Plaintiff's severe degenerative disc disease, hypertension, obesity, and her non-severe gastritis[3] and anxiety disorder. (*Id.* at 3-6). Specifically, Plaintiff claims that the ALJ's RFC determination does not include a sit/stand option. (*Id.* at 4-6). Accordingly, Plaintiff claims that the ALJ erred at step four in finding that Plaintiff was able to perform her past relevant work as a kitchen helper. (*Id.* at 4). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 6).

## III.   DISCUSSION

### A.   Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings

---

[3] Gastritis is defined as "inflammation of the stomach." *See Dorland's Illustrated Medical Dictionary* 762 (32d ed. 2012).

will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, hypertension, and obesity. (R. 16). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 18). In doing so, the ALJ determined that Plaintiff's impairments did not meet the criteria of listing 1.00B2b, Inability to Ambulate

Effectively, listing 1.00B2c, Inability to Perform Fine Gross Movements, listing 1.04, Disorders of the Spine, and listing 4.01, Cardiovascular System. (R. 18; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1). After considering the entire record, the ALJ determined that the Plaintiff retained the RFC to perform a full range of light work.[4] (R. 18). The ALJ then determined that Plaintiff was able to perform her past relevant work as a kitchen helper. (R. 22). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 22).

## C.     The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff contends that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to take into account that Plaintiff has physical limitations which limit her ability to sit, stand, and walk for extended periods of time. (Pl.'s Br. 3-6, ECF No. 21). She argues that her limitations necessitate the inclusion of a sit/stand option. (*Id.*)

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p. The responsibility to determine the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative

---

[4] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is the plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). The plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.     Analysis**

As a preliminary matter, the Court stresses that the relevant question for review is whether the ALJ's decision is supported by substantial evidence, not whether the record contains evidence to support a sit/stand option. *Navarro v. Colvin*, No. A-12-CV-040-LY-AWA, 2013 WL 1704795, at *3 (W.D. Tex. Apr. 19, 2013) (citing *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (per curiam)). Additionally, the ALJ is tasked with weighing all of the evidence presented, *Chambliss*, 269 F.3d at 523, and the ALJ is not required to summarize and discuss every piece of record evidence in his or her decision. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (holding that the ALJ does not have to "follow formalistic rules in his articulation" of the record evidence). Moreover, the mere presence of an impairment is not disabling per se, and subjective evidence of pain will not take precedence over conflicting medical evidence. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir. 1985). While the ALJ must take into account the plaintiff's subjective allegations of pain in

determining the RFC, the plaintiff must produce objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989).

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 2, ECF No. 21). In particular, Plaintiff argues that the ALJ omitted a sit/stand option when determining Plaintiff's RFC. (*Id.* at 3-6). Plaintiff contends that the objective medical evidence and her testimony and subjective complaints support the inclusion of a sit/stand option.[5] (*Id.* at 4-6). As a result of failing to include a sit/stand option, Plaintiff argues that the remaining steps in the sequential evaluation process are ultimately tainted. (*Id.* at 6).

The Commissioner responds by arguing that substantial evidence supports the ALJ's RFC determination because Plaintiff has no significant limitations in sitting, standing, or walking. (Def.'s Br. 3, ECF No. 22). The Commissioner contends that Plaintiff's subjective complaints alone are insufficient to support further limitations. (*Id.* at 4, citing *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991)). The Commissioner further contends that the objective medical evidence provides substantial evidence in support of the ALJ's RFC determination because it demonstrates no more than mild limitations and restrictions caused by Plaintiff's back pain. (*Id.* at 4-5). The Commissioner further argues that Plaintiff's credibility, medications, daily activities, and inconsistent statements provide further substantial evidence supporting the ALJ's RFC determination. (*Id.* at 6-8). Therefore, the Commissioner contends that the ALJ did

---

[5] Plaintiff further contends that the ALJ was required to consider the combined effects of her obesity with other impairments. (Pl.'s Br. 5 n.2, ECF No. 21). The Court finds that the ALJ did consider the effects of Plaintiff's obesity when making his RFC determination, and therefore, rejects Plaintiff's argument. (R. 18).

not err in finding that Plaintiff was able to perform the full range of light work and that Plaintiff was able to perform her past relevant work as a kitchen helper. (*Id.* at 8).

The mere existence of pain is not an automatic ground for obtaining disability benefits. *Cook*, 750 F.2d at 395. The proper standard for evaluating pain is codified in the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423. The statute provides that allegations of pain must be corroborated by objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause pain. *Chambliss*, 269 F.3d at 522. Plaintiff states that she is only required to show that there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or support the symptoms alleged. (Pl.'s Br. 6, ECF No. 21, citing 42 U.S.C. § 423(d)(5)(A)). However,

> 42 U.S.C. § 423(d)(5)(A)[] merely states that a claimant's testimony as to pain or other symptoms cannot be conclusive evidence of disability and that objective medical evidence must be offered and considered when determining whether a claimant is disabled. It does *not* establish that the production of objective medical evidence resolves the question of whether a particular impairment is disabling.

*Navarro*, 2013 WL 1704795, at *4 (internal citation omitted). The ALJ must still consider the entirety of the record when making a determination, and decide what weight to accord the various medical reports. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) (per curiam). This Court, in turn, must determine whether the ALJ's determination is supported by substantial evidence. *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir. 2001) (per curiam).

A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform the full range of light work. Furthermore, the record clearly demonstrates that the ALJ was not required to include a sit/stand option in determining Plaintiff's RFC because it is clear from the ALJ's opinion that he took into account Plaintiff's medical history, subjective complaints of pain, and testimony. Consequently,

the ALJ's RFC determination is supported by substantial evidence and does not result from legal error.

In support of her claim, Plaintiff cites to a number of medical records where she presented with complaints of back pain or was diagnosed with back impairments. (Pl.'s Br. 5, ECF No. 21, citing R. 245, 247, 250, 252, 254-55, 257, 259, 261-62, 264, 266, 268-69, 271, 273, 361, 402-03, 405, 449, 451, 454). The Court finds, however, that Plaintiff is guilty of cherry-picking the evidence and fails to mention that at those same visits, no limitations were ever recorded regarding Plaintiff's ability to sit, stand, or walk.

From August 2008 through April 2009, Plaintiff visited the Concentra Medical Centers eighteen times following a back injury on August 19, 2008.[6] (R. 245-275, 280). In every examination during this period, Plaintiff presented with complaints of back pain and was diagnosed with either lumbar radiculopathy[7] and lumbar strain or cervical strain and lumbar strain. (R. 245-75, 280). On March 19, 2009, Plaintiff underwent an MRI of her lumbar spine which revealed a small central disc protrusion at L4-L5 with mild canal and mild bilateral foraminal stenosis,[8] as well as mild foraminal stenosis at L5-S1. (R. 285, 449). However, the Court finds that Plaintiff's physical examinations revealed no more than mild to moderate pain and a limited range of motion, which provide substantial evidence supporting the ALJ's RFC

---

[6] The examination dates are August 28, 2008, September 4, 2008, October 14, 2008, October 29, 2008, November 6, 2008, November 14, 2008, November 20, 2008, December 4, 2008, December 11, 2008, December 18, 2008, January 7, 2009, January 28, 2009, February 9, 2009, February 26, 2009, March 6, 2009, March 26, 2009, April 16, 2009, and April 23, 2009. (R. 245-275, 280).

[7] Lumbar radiculopathy is defined as "any disease of lumbar nerve roots, such as from disk herniation or compression by a tumor or bony spur, with lower back pain and often paresthesias." *See Dorland's Illustrated Medical Dictionary* 1571 (32d ed. 2012).

[8] Stenosis is defined as "an abnormal narrowing of a duct or canal." *See Dorland's Illustrated Medical Dictionary* 1769 (32d ed. 2012).

determination. (R. 245-75, 280). The Court further finds that, following those examinations, the only limitations imposed by Plaintiff's doctors were with regard to her ability to lift, push and pull, bend, squat, and kneel rather than her ability to sit, stand, or walk. (R. 245-75, 280). Therefore, the Court finds that the medical evidence from Concentra Medical Centers supports the ALJ's RFC determination.

From June 2008 through September 2010, Plaintiff visited Dr. Manuel A. Padilla nine times.[9] (R. 337-41, 344-48, 351-55, 358-66, 370-89, 416-21). On June 3, 2008, January 7, 2009, and January 27, 2009, Plaintiff presented to Dr. Padilla with complaints of back pain. (R. 337, 351, 358). A review of Plaintiff's systems during the January 7, 2009 visit and the January 27, 2009 visit indicated that Plaintiff had no muscle or joint pain, weakness, stiffness, swelling or inflammation, restriction of motion, cramping, or atrophy. (R. 353, 360). The records from these three visits do not indicate that Dr. Padilla performed a physical examination of Plaintiff's back prior to diagnosing her with back pain. (R. 341, 339-40, 353-54, 360-61). Moreover, on July 2, 2008, Plaintiff also presented with back pain, however, the record does not indicate that Dr. Padilla performed a physical examination of Plaintiff's back and there was no diagnosis of back pain. (R. 344, 346-47). The records from Plaintiff's five other visits[10] with Dr. Padilla indicate a normal review of Plaintiff's systems and no complaints of back pain, no evidence of an examination of Plaintiff's back, and no diagnoses of back pain. (R. 362-66, 370-89, 416-21). The Court finds that Dr. Padilla imposed no limitations with regard to Plaintiff's ability to sit, stand, or walk. Moreover, x-rays dated January 14, 2009, of Plaintiff's thoracic and lumbar

---

[9] The examination dates are June 3, 2008, July 2, 2008, January 7, 2009, January 27, 2009, August 18, 2009, October 26, 2009, November 23, 2009, March 31, 2010, and September 20, 2010. (R. 337-41, 344-48, 351-55, 358-66, 370-89, 416-21).

[10] The examination dates are August 18, 2009, October 26, 2009, November 23, 2009, March 31, 2010, and September 20, 2010. (R. 362-66, 370-89, 416-21).

spine were unremarkable. (R. 356-57). Therefore, the Court finds that the medical evidence from Dr. Padilla supports the ALJ's RFC determination.

On April 30, 2010, Plaintiff presented to Dr. Mauricio E. Jimenez, the consultative examiner, with allegations of lumbar strain, chest pain, hypertension, and high cholesterol. (R. 401). Upon physical examination, Dr. Jimenez observed gross motor deficits, normal gait, the ability to squat down half way, and fair heel, toe, and tandem walking. (R. 402). Dr. Jimenez diagnosed Plaintiff with chronic lower back pain, chest pain, hypertension, and hyperlipidemia.[11] (R. 403). Dr. Jimenez imposed no limitations on Plaintiff's ability to sit, stand, or walk. Therefore, the Court finds that this evidence provides further support for the ALJ's RFC determination.

A report on a lumbar spine x-ray, ordered by Dr. Jimenez and read by Dr. Mustafa H. Gomberawalla, revealed mild degenerative disc disease at T11-T12, T12-L1, and L5-S1, as well as mild anterior spondylosis.[12] (R. 405). The Court finds that the report on Plaintiff's lumbar x-ray does not provide any limitations that would demonstrate error from the ALJ's RFC determination.

A letter from Dr. George J. Martin to Dr. Padilla indicates that Plaintiff presented to Dr. Martin with pain in her neck, arm, lower back, and leg. (R. 406, 451). Dr. Martin indicated that Plaintiff's complaints were consistent with radiculopathy and that her physical examination and history was consistent with a diagnosis of cervical and lumbar radiculopathy. (R. 406, 451). Although Dr. Martin ordered MRIs on Plaintiff's cervical and lumbar spine, the record is devoid

---

[11] Hyperlipidemia is defined as "a general term for elevated concentrations of any or all of the lipids in the plasma, such as hypertriglyceridemia, hypercholesterolemia, and so on." *See Dorland's Illustrated Medical Dictionary* 891 (32d ed. 2012).

[12] Spondylosis is defined as "ankylosis of a vertebral joint" or "degenerative spinal changes due to osteoarthritis." *See Dorland's Illustrated Medical Dictionary* 1754 (32d ed. 2012).

of that evidence. (R. 406, 451). Moreover, Dr. Martin's letter fails to indicate any limitations as a result of Plaintiff's pain. (R. 406, 451). Therefore, the Court finds that this evidence provides further support for the ALJ's RFC determination.

On November 4, 2011, and December 2, 2011, Plaintiff was examined at the Harvest Medical Ministry. (R. 454-57). Plaintiff presented with complaints of back pain. (R. 454, 457). The Court finds that these the records do not impose any limitations on Plaintiff's ability to sit, stand, or walk, and, therefore, provide substantial evidence supporting the ALJ's RFC determination. (R. 454-57).

The Court finds that Dr. Ligon's RFC determination provides further substantial evidence supporting the ALJ's RFC determination. *See Brown v. Astrue*, Civ. A. No. 3:08-CV-0255-D, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009) (citations omitted); *Barrington v. Barnhart*, Civ. A. No. SA02CA0993RF, 2005 WL 2137911, at *7 (W.D. Tex. July 13, 2005). On June 29, 2010, a Physical Residual Functional Capacity Assessment form was completed by Dr. Ligon, the state agency medical consultant. (R. 407-14). Dr. Ligon determined that Plaintiff was able to perform the full range of medium work.[13] (R. 408-411). In making this determination, Dr. Ligon considered Plaintiff's examination with Dr. Jimenez and the x-ray of her lumbar spine. (R. 408). Dr. Ligon concluded that Plaintiff's "limitations are partially credible." (R. 408). The Court notes that Dr. Ligon's RFC determination was affirmed by Dr. Tina Ward. (R. 415).

The Court also rejects Plaintiff's argument that her testimony and subjective complaints support a sit/stand option. (Pl.'s Br. 6, ECF No. 21). A review of Plaintiff's testimony regarding her functional limitations demonstrates that it is inconsistent with record evidence. Plaintiff testified that she cannot work because she has problems walking, standing, sitting, and lifting.

---

[13] 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.").

(R. 39). Additionally, Plaintiff testified that she can walk for one block before having to rest, she can stand for ten to fifteen minutes, and she can lift five or ten pounds. (R. 39). Plaintiff also testified she has pain in her back, neck, and legs as well as cramps in her arms and hands. (R. 40). Plaintiff reported problems with personal care, standing, walking, and sitting. (R. 181, 185). She reported that she can walk for fifteen minutes before needing to stop and rest for thirty minutes. (R. 185). Plaintiff also states that "the interviewee at the Social Security field office observed Plaintiff having difficulty standing and sitting, she appeared to be in pain, and would sit down and stand up during the interview." (Pl.'s Br. 4, ECF No. 21, citing R. 181).

The ALJ determined that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not credible to the extent her testimony was inconsistent with the ALJ's RFC determination. (R. 19). This is "precisely the kind[] of determination[] that the ALJ is best positioned to make" as the ALJ "enjoys the benefit of perceiving first-hand [Plaintiff] at the hearing." *Falco*, 27 F.3d at 164. Additionally, the ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris*, 864 F.2d at 336. Therefore, the Court finds that the ALJ properly determined Plaintiff's credibility.

In conclusion, the Court finds that the ALJ's RFC determination is supported by substantial evidence through her records from Concentra Medical Centers, Dr. Padilla, Dr. Jimenez, Dr. Martin, the Harvest Medical Ministry, and the state agency consultant's RFC determination. The Court further finds that Plaintiff's subjective complaints are insufficient to support her claims of disability and that Plaintiff has failed to submit any evidence showing that her back pain caused any functional limitations beyond those included in the ALJ's RFC determination.

## IV.   CONCLUSION

A review of the record supports the ALJ's findings and RFC determination. Consequently, the Court finds that substantial evidence supports the Commissioner's decision. Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 28th day of January, 2016.

*[signature]*

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**